UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAINEIL DEA STEARNS,

    PETITIONER,

vs.

UNITED STATES OF AMERICA,

    RESPONDENT.
_____/

CIVIL NO.: 06-14086
CRIM NO.: 04-50018

HON. PAUL V. GADOLA
MAG. JUDGE STEVEN D. PEPE

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Petitioner Raineil Dea Stearns filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 on September 18, 2006 (Dkt. #23). This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below it is recommended that Petitioner's § 2255 Motion be **DENIED**.

**II.    FACTS AND PROCEDURAL HISTORY**

Petitioner provided the following factual scenario:

> On March 18, 2003, officer White and Officer Veach of the Township of Mt. Morris Police Department, Flint, MI, arrested Petitioner for Possessing a Kel-Tec .9 Millimeter pistol, serial #90897, along with a magazine containing ten (10) live rounds. Officer Veach also discovered a clear plastic bag, containing a small amount of suspected marijuana.
>
> Officer Veach conducted a check through Law Enforcement Information network (L.E.I..N.), and it revealed that Petitioner had two (2) outstanding Friend of the Court bench warrants for his arrest. Officer Veach also determined that

> Petitioner was on Parole from the Michigan Department of Corrections.
>
> Officer Veach issued Petitioner a citation for No License Plate Light, Citation #828879, and contacted the Michigan Department of Corrections. Officer Veach advised them that Petitioner would be lodged in the Genesee County Jail.
>
> As a result of the above mentioned arrest, the Michigan Parole Board revoked Petitioner's parole, whereas Petitioner was committed to the Southern Michigan Correctional Facility.

(Dkt. #23, pages 2-3). Additionally, Respondent relayed the following, which Petitioner does not dispute:

> Defendant/Petitioner Raineil Dea Stearns [Stearns] was serving a term of imprisonment with the Michigan Department of Corrections when, on March 3, 2004, he was indicted by a federal grand jury and charged with two counts; Count One: felon in possession of a firearm and Count Two: possession of marijuana. (R. 1: Indictment). Stearns's physical presence was obtained by writ ad prosequendum and he was arraigned before Magistrate Judge Wallace Capel on April 29, 2004. At that time he consented to federal detention but also was ordered detained due to his past criminal history and the nature of the new charges. Magistrate Judge Capel found that Stearns posed a danger to the community and a risk of flight. (R. 6: Order for Writ ad Prosequendum, R. 11: Order of Detention Pending Trial, and see minute entry for 04/29/04). On August 2, 2004, Stearns appeared before Judge Paul V. Gadola and entered a plea of guilty to both counts of the indictment pursuant to a rule 11 plea agreement. (R.15: Plea Agreement, and minute entry for 8/2/04). Stearns was returned to state custody at his request. (R.27: Plea Transcript, pp.44-45). On November 29, 2004, Stearns was again brought to the federal courthouse in Flint by writ from state custody. He was sentenced on that date to a 41 month custodial sentence on Count One, the felon in possession charge, and a concurrent 12 month custodial sentence on Count Two, for possession of marijuana. (R. 18: Order for Writ ad Prosequendum, minute entry for 11/29/04, R. 21: Judgment).

(Dkt. #31, pages 2-3).

### III. <u>STANDARD OF REVIEW</u>

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255

motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

## IV. ANALYSIS

Petitioner's motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255. The statute provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Section (1)**

Petitioner was sentenced on November 29, 2004 (Dkt. #21). He did not file a direct appeal.[1] Under section (1), Petitioner was required to have filed his Section 2255 Motion by the end of 2005, one year from the time for filing an appeal expired, which would commence ten days after his judgment. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir.2004). Petitioner filed his Motion to Vacate on September 29, 2006, (Dkt. #723), nine months past the statute of limitations.

**Section (2)**

Petitioner does not allege that the government acted in violation of the Constitution or federal law to create an impediment to his filing to a motion to vacate. Therefore, Section (2) does not apply.

**Section (3)**

Petitioner does not allege a particular right, which was initially recognized after his judgment, and which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Therefore, Section (3) does not apply.

**Section (4)**

Petitioner does allege that he was only able to discover, through the exercise of due diligence, the facts supporting his claims after the date on which his conviction became final. Petitioner claims that his counsel told him he would file a direct appeal, but failed to do so (Dkt. #22; #23, pages 17-19; #32, pages 1-7). Normally, such failure would be per se ineffective

---

[1] Petitioner claims that his counsel told him he would file a direct appeal, but failed to do so (Dkt. #22; #23, pages 17-19; #32, pages 1-7). *See infra* pp. 4-10.

assistance of counsel and would entitle Petitioner to an evidentiary hearing on the issue. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998).

In a similar case at the district court level where Petitioner signed a Rule 11 agreement not to appeal, the court held

> in *Carrion v. United States*, 107 Fed. Appx. 545, 546 (2004), the court interpreted *Ludwig* in the case of a defendant who signed a plea agreement, in which he waived his right to appeal except to challenge his criminal history category or an upward departure from the parties's recommended sentence. The defendant in *Carrion* brought a claim of ineffective assistance of counsel pursuant to a 28 U.S.C. § 2255 motion, claiming that his attorney did not file an appeal on his behalf as he requested immediately after his sentencing hearing. *Id.* The district court held that the defendant's "counsel did not provide ineffective assistance by failing 'to file an appeal when his client has waived appeal rights.'" *Id.* The *Carrion* court reversed the district court's holding, stating that the "the district court wrongly concluded that [the defendant's] appeal waiver precluded him from pursuing an appeal." Id. at 547. The court further clarified its conclusion, stating that "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel per se, ***irrespective of whether the appeal would be successful***." *Id.*
>
> In light of *Ludwig* and *Carrion*, on December 5, 2005, the court conducted an evidentiary hearing on the issue of whether Defendant's attorney consulted with Defendant relating to an appeal.

*United States v. Nelson*, 2006 WL 1284810, *4 -5 (E.D. Mich. 2006) (emphasis added). *See also United States v. Lovell,* 83 Fed. Appx. 754, 759, 2003 WL 22976655, at *4 (6th Cir. 2003) ("Stripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not [citation omitted] and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed."); *Robinson v. United States*, 71 Fed. Appx. 553, 555, 2003 WL 21911339, at*1 (6th Cir. 2003)("Proof that a lawyer has disregarded a defendant's specific instruction to file a notice of appeal satisfies both the deficient performance and prejudice prongs of *Strickland*.").

Yet, where a filing is untimely, such a per se violation does not exists. In *Brown v. United States*, 20 Fed. Appx. 373, 374, 2001 WL 1136000, at *1 (6th Cir. 2001), the Sixth Circuit faced this same issue presented here where the petitioner argued

> (1) that equitable tolling applies in this case, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. Both parties have filed briefs.
>
> As an initial matter, we will not review Brown's enumerated issues two and three. Regarding issue two, Supreme Court precedent makes it clear that courts should avoid unnecessary adjudication of constitutional issues. *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Where a statutory or nonconstitutional basis exists for reaching a decision, as it does here, it is not necessary to reach the constitutional issue. *See, e.g., Montenegro v. United States*, 248 F.3d 585, 595-96 (7th Cir.2001) (avoiding the question of the constitutionality of the statute of limitations of § 2255). The legal question embodied in issue three is rendered moot by our finding below that Brown failed to file his § 2255 motion in a timely fashion.

In another similar case, a petitioner alleged "that his court-appointed attorney provided ineffective assistance by failing to file a timely direct appeal upon being requested to do so by Defendant." *United States v. Simmons*, 2007 WL 1139578, at *1 -2 (E.D. Mich. 2007). Yet, the district court held that the

> one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255. In this case, Defendant's one year period to file his § 2255 motion expired on May 15, 2006, one year and ten days after the May 2, 2005, entry of his judgment. Having filed his motion on November 27, 2007, Defendant's motion came more than six months after that deadline had expired, and is untimely under § 2255.

*Id.* (footnotes omitted). *See also Duncan v. United States*, 2007 WL 540787, at *1 (E.D. Tenn. 2007) (Section 2255 motion filed three years after statute of limitations is time-barred despite petitioner's "claims he directed counsel to file a direct appeal but counsel failed to abide by his instructions."); *Donawa v. United States*, 2007 WL 1063571, at *2 (W.D.Mich. 2007)

(Petitioner's § 2255 was untimely where "motion was filed on or about July 14, 2006, more than eleven months after the statute of limitations had expired," despite his "claim that his attorney failed to file an appeal despite having been expressly instructed to do so by Movant."); *Phillips v. United States*, 2005 WL 3107727, at *2 (W.D.Mich. 2005) (Section 2255 motion is time-barred and equitable tolling does not apply where petitioner waited over six years to file despite contentions "that his Petition was filed late because his attorney misled him regarding the time requirements for filing an appeal and a § 2255 motion.").

Further, in *Dillon v. United States*, 2006 WL 44161, at *3 (W.D. Mich. 2006), the petitioner raised the issue of equitable tolling unsuccessfully:

> Movant suggests that he is entitled to equitable tolling of the statute of limitations because he directed his attorney to file an appeal and erroneously but reasonably believed the appeal was pending until at least March 2005. He appears to suggest that his attorney's failure to file the appeal as directed constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.
>
> Movant fails to demonstrate either element of the *Pace* test. With respect to the first prong, Movant makes no effort to demonstrate the necessary diligence. *See Pace*, 125 S.Ct. at 1814. He does not explain how his counsel's failure to file an appeal prevented him from filing the instant motion within the one-year statute of limitations. Indeed, according to the information contained in his motion, attached exhibits, and response to the order to show cause, Movant did not attempt to contact his attorney until March 2005, nearly three years after his conviction became final. His attorney notified him that no appeal had been filed before April 27, 2005, the date of Movant's first letter to this Court. Yet Movant did not attempt to file his § 2255 motion until another six months had passed. Movant clearly has not demonstrated diligence in pursuing his rights. *See Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir.2002) (noting that the petitioner "did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court"); *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir.2001) (noting that the petitioner "offers no explanation for his failure to file during this period").
>
> Further, Movant has not demonstrated that some extraordinary circumstance prevented him from filing his § 2255 motion. *See Pace*, 125 S.Ct. at 1814. To the extent Petitioner places the blame for his untimeliness on his attorney, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *See Stanley v. McKune*, 133 Fed. Appx. 479,

7

480 (10th Cir.2005) (attorney failure to file allegedly requested appeal cannot support equitable tolling). *See also Martin v. Hurley*, 150 Fed. Appx. 513, 516 (6th Cir.2005); Elliot v. DeWitt, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir.2001) (collecting cases); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir.2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999)). Furthermore, the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir.1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999) ( "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). Therefore, Petitioner is not entitled to equitable tolling.

Here, Petitioner also lacks due diligence. He did not contact the court until one year and six months following his sentence and judgement. Petitioner's Rule 11 Agreement included the following provision:

> Defendant waives any right to file a direct appeal from the conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines, except defendant may appeal the district court's failure to accept a stipulation contained within this agreement regarding applicable guideline provisions. Defendant may also appeal the district court's decision imposing an offense level enhancement based on a factor not the subject of a stipulation if the defendant makes a timely objection in the district court.

(Dkt. #15, page 6). At sentencing, Defendant asked about his credit for time served and that the word consecutive[2] be removed. The district court stated the following in response:

> I'm having difficulty - - I'm having difficulty following your reasoning, Mr. Hoare. I'm going to leave it just the way it is, just the way I said it. And - - and if the - - if you want to protest or appeal on the basis that the - - the sentence is improper, then certainly the option remains open to do that. But I - - I'm not going to change anything from what I've said.

---

[2]The district court sentence was to run concurrent on the two counts, but consecutive to the state sentence (Dkt. #28, page 19).

(Dkt. #28, page 28). The district court also noted that the issue of credit was a matter to be brought before the Bureau of Prisons.[3] *Id.* at 26. Additionally, at sentencing the district court judge clearly stated: "With few exceptions any notice of appeal must be filed within ten days of judgment being entered in your case. Further, if you so request the Clerk of the Court will prepare and fiel [sic] forthwith a notice of appeal on your behalf." (Dkt. #28, page 23). Petitioner did not take advantage of the court's offer.

He does provide copies of letters that he allegedly sent to his counsel inquiring as to the status of his appeal dated December 3, 2004, September 28, 2005, and November 15, 2005. Having been given notice on November 29, 2004, of a 10 day time limit for appeals, any person of even modest prudence who wanted to appeal his sentence would not be lulled into nine months of inaction by no response from his attorney to his asserted December 3, 2004, letter of inquiry. The nine month gap between the Petitioner's first and second letter undercuts any claim of due diligence.[4] Petitioner did contact the district court well over another year later on June

---

[3]In *Wilson*, the Supreme Court expressly stated that 18 U.S.C. § 3585(b) does not authorize a district court "to award credit at sentencing," and that the Attorney General "must continue to compute the credit under § 3585(b) as he did under the former § 3568." 503 U.S. [329], 112 S.Ct. at 1354. For the District Court to make the initial determination, it would have to be acting pursuant to some sort of delegation of authority from the Attorney General, clearly impermissible for an Article III court. For the district court to perform its constitutional functions, it must decide an actual case or controversy ripe for adjudication. There can be no such case or controversy until the Attorney General makes a determination and Westmoreland then seeks judicial review of the determination.

*United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (footnote omitted). "Federal regulations have afforded prisoners administrative review of the computation of their credits *see* 28 CFR §§ 542.10-542.16 (1990); *Lucas, supra*, at 1556, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Wilson*, 503 U.S. at 335 (citations omitted).

[4]Petitioner does contend that he spoke with counsel in December 2005 via telephone and that counsel stated that he had filed an appeal (Dkt. #23, pages 8 and 012; Dkt. #23, "Declaration

21, 2006, via letter inquiring as to the status of his case. (Dkt. #22). In the letter he inquires as to the status of his direct appeal or whether a direct appeal was filed. *Id.* Rather than demonstrating due diligence warranting equitable tolling, these substantial delays undercut any claim of due diligence.

There are also inconsistencies within Petitioner's reasons for contacting the district court on the status of his appeal. In his "Declaration" on September 12, 2006, he stated that "[a]fter asking around the institution about appeal's [sic] in the Sixth Circuit I was advised in the inmate law library that the Sixth circuit Court of Appeals was slow but 15 months was rather excessive and I should contact the court concerning the matter." (Dkt. #23, "Declaration of Raineil Dea Stearns" page 4, #35). Yet, in his letter to the district court filed June 21, 2006, inquiring as to his direct appeal,[5] Petitioner explains that "I've written my lawyer only not to get a response and I am not able to call him. My mother came down there and someone told her if I had any questions to write you and you would answer them for me, so if you can help me with this I will be highly greatful [sic]." (Dkt. #23, Exhibit #6). Petitioner is clearly inconsistent concerning the impetus for writing to the district court.

Petitioner argues that his one-year statute of limitations did not begin to run until he received the correspondence back from the district court (Dkt. #23, page 12). He does not state which day he received that correspondence. Petitioner does not cite, nor could the undersigned

---

of Raineil Dea Stearns" dated September 12, 2006). He also states that he contacted his counsel again in February 2006, at which time counsel also stated that an appeal was pending. *Id.* Yet, between the time of sentencing and that phone call, Petitioner contends that his inquires went unanswered. He took no other action, except to have a friend try to contact the attorney, (Dkt. #23, Exhibit #5), until his June 21, 2006, letter to the district court.

[5]Again, the Rule 11 Agreement includes a waiver of appellate rights as previously discussed. *See supra* pp. 8-9 n.3.

find, any legal authority supporting this proposition. This letter was received by the district court five months past the statute of limitations and it does not constitute due diligence nor warrant equitable tolling of the statute of limitations. Petitioner was clearly skeptical as to whether an appeal had been filed. He waited over a year to inquire with the court after inquiries to his counsel went unanswered. Further, he still waited three months after the letter was received by the district court to file his present motion. *Beltran-Sosa v. United States*, 2007 WL 854810, at *5 (W.D.Ky. 2007) (certificate of appealability denied where, among other factors, "the movant found out in June 2005 that an appeal had not been filed and that his § 2255 motion was already untimely, [and] the movant still waited five months to file the § 2255 motion").

Thus, Petitioner has not demonstrated due diligence and cannot overcome the untimeliness of his instant motion.

## V. CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

**DATED**: June 26, 2007
Flint, Michigan

s/Steven D. Pepe
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Robert Haviland,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Raineil Stearns, #32659-039, FCI Beckley, P.O. Box 350, Beaver, WV 25813.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov