UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAINEIL DEA STEARNS,

                              Petitioner,        CRIMINAL CASE NO. 04-50018
                                                       CIVIL CASE NO. 06-14086

v.

UNITED STATES OF AMERICA,        HONORABLE PAUL V. GADOLA
                                                           U.S. DISTRICT COURT

                              Respondent.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Report and Recommendation of the Honorable Steven D. Pepe, United States Magistrate Judge. The Magistrate Judge recommends that this Court deny Petitioner's § 2255 motion. Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Petitioner filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

The Court has reviewed Petitioner's objections, the Magistrate Judge's Report and Recommendation, and the record of the case. Having conducted this review under the de novo standard as detailed above, the Court concludes that the Magistrate Judge's reasoning and conclusions are sound. Petitioner has failed to establish that he acted with due diligence or that equitable tolling is warranted in his case. Consequently, Petitioner's instant § 2255 motion is untimely and should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's objections to the

Magistrate Judge's Report and Recommendation [docket entry #35] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #34] is **ACCEPTED and ADOPTED** as the opinion of this Court and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [docket entry #23] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated:   October 17, 2007                             s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   October 17, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                  Robert W. Haviland; Michael Tesner                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Rainel Dea Stearns                 .

                                                      s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845

3